Byron Z. Moldo (SBN 109652)
  bmoldo@ecjlaw.com
Sonia Singh (SBN 311080)
  ssingh@ecjlaw.com
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone  (310) 273-6333
Facsimile  (310) 859-2325

Attorneys for Jeffrey E. Brandlin,
Permanent Receiver

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

JEFFREY E. BRANDLIN, Receiver for
NTV Financial Group, Inc.,

    Plaintiff,

  v.

M.R DIAMONDS GROUP INC., a
California corporation,

    Defendant.

Case No.

Related Case No. 8:19-cv-01174-SVW-KES

**COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS**

  Plaintiff Jeffrey E. Brandlin, Permanent Receiver ("Receiver") for NTV Financial Group, Inc. ("NTV Financial") and its subsidiaries and affiliates, avers as follows:

# I.

# <u>INTRODUCTION</u>

  1. NTV Financial is a California corporation which was created and operated by Richard Vu Nguyen a/k/a Nguyen Thanh Vu ("Nguyen").

  2. Nguyen is the founder, former chief executive officer, and former president of NTV Financial.

17118.1:10108687.1

ERVIN COHEN & JESSUP LLP

3. Mai Do ("Do") is the girlfriend of Nguyen and the former chief financial officer of NTV Financial.

4. Between February 2018 and March 2019, NTV Financial and Nguyen raised approximately $2.4 million from at least 80 investors in a purported fund investment that traded stocks and options. Nguyen also convinced at least 30 clients to give him password access to their brokerage accounts so that he could trade in the brokerage accounts.

5. The investors that paid approximately $2.4 million to NTV Financial were primarily Vietnamese speaking individuals living in California and elsewhere. Many investors learned of NTV Financial and Nguyen through websites, brochures, and radio and television advertisements on Vietnamese language stations.

6. Investors were misled in several ways. The purported fund investment called "Nguyen Tran Le Fund" (the "NTLF Fund" or the "Fund") was fiction. Instead, the investor money raised to invest in the NTLF Fund or the Fund was actually maintained in accounts in the name of NTV Financial, Nguyen and/or Do.

7. NTV Financial and Nguyen are defendants in an enforcement action commenced in this Court by the Securities and Exchange Commission ("SEC") on June 13, 2019, entitled *Securities and Exchange Commission v. Richard Vu Nguyen, a/k/a/ Nguyen Thanh Vu, and NTV Financial Group, Inc.*, Case No. 8:19-cv-01174-SVW-KES ("SEC Action"). Do is a relief defendant in the SEC Action.

8. The SEC alleged in its complaint that since inception, the Fund's performance suffered significantly due to realized and unrealized trading losses. The SEC further alleged that every quarter since its formation, the net amount invested in the Fund exceeded the market value of the fund's holdings.

9. NTV Financial and Nguyen used investor money to pay NTV Financial's unrelated business expenses or to pay Nguyen's and Do's personal expenses.

10. NTV Financial and Nguyen misappropriated approximately

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

1  $600,000.00 of investor money invested in the Fund.  NTV Financial and Nguyen

2  operate several other unrelated businesses and commingled investor money and non-

3  investor money from these other businesses in the same accounts, and then used

4  those accounts to pay their personal expenses.

5      11.    On July 3, 2019, the Court hearing the SEC Action granted a

6  Preliminary Injunction and Orders (1) Freezing Assets; (2) Requiring Accountings;

7  (3) Prohibiting the Destruction of Documents; (4) And Appointing a Permanent

8  Receiver ("Preliminary Injunction").

9      12.    In the SEC Action Jeffrey E. Brandlin was appointed as Permanent

10  Receiver for NTV Financial and its subsidiaries and affiliates, and of all bank and

11  brokerage accounts through which Nguyen's and NTV Financial's investors and/or

12  clients' funds flowed. .

13      13.    The Court in the SEC Action specifically authorized the Receiver to

14  bring this action.

16                              **II.**

17                    **JURISDICTION AND VENUE**

18      14.    This Court has jurisdiction over the SEC Action pursuant to Sections

19  20(b), 20(d)(1) and 22(a) of the Securities Act of 1933, 15 U.S.C. §§ 77t(b),

20  77t(d)(1) and 77v(a), and Sections 21(d)(1), (21)(d)(3)(A), 21(e) and 27(a) of the

21  Securities Exchange Act of 1934, 15 U.S.C. §§ 78u(d)(1), 78u(d)(3)(A), 78u(e) &

22  78aa(a), and Sections 209(d), 209(e)(1) and 214 of the Investment Advisers Act of

23  1940, 15 U.S.C. §§ 80b-9(d), 80b-9(e)(1) & 90b-14.

24      15.    This Court has jurisdiction over this action pursuant to 28 USC § 1367,

25  because this action is ancillary to the SEC Action, and the receivership is pending

26  before this Court.  *Donell v. Kowell*, 533 F.3d 762, 769 (9th Cir. 2008).

27      16.    This action involves the same series of transactions as the SEC Action.

28      17.    Venue is proper in this district because this action is ancillary to the

SEC Action and the receivership currently pending before this Court.

### III.
### THE PARTIES

18.    The Receiver is the duly appointed and acting Permanent Receiver of NTV Financial and its subsidiaries and affiliates.  The Receiver was appointed by order of the United States District Court, Central District of California in the SEC Action.

19.    Defendant M.R Diamonds Group, Inc. ("Defendant") is a corporation which, based on information and belief, is incorporated in and doing business in the state of California.

### IV.
### GENERAL ALLEGATIONS

**A.    The SEC Action**

20.    On June 13, 2019, the SEC filed a complaint against NTV Financial and Nguyen, accompanied by an Ex Parte Application for a Temporary Restraining Order, Order to Show Cause Why a Preliminary Injunction Should Not Be Granted and a Permanent Receiver Should Not Be Appointed, And Orders (1) Freezing Assets; (2) Requiring Accountings; (3) Prohibiting the Destruction of Documents; (4) Granting Expedited Discovery; and (5) Appointing a Temporary Receiver.

21.    The SEC's complaint alleged that the defendants (1) committed fraud in connection with the purchase and sale of securities in violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder, (2) committed fraud in the offer or sale of securities in violation of Section 17(a) of the Securities Act of 1933, (3) committed fraud by an investment adviser in violation of Sections 206(1) and 206(2) of the Investment Advisers Act of 1940, and (4) committed fraud involving a pooled investment vehicle in violation of Section 206(4) of the

ERVIN COHEN & JESSUP LLP

1   Investment Advisers Act of 1940 and Rule 206(4)-8(a)(1) and (a)(2) thereunder.

2   22.   On June 24, 2019, in the SEC Action, the Court issued its order that

3   appointed Jeffrey E. Brandlin as Temporary Receiver over NTV Financial and its

4   subsidiaries and affiliates.

5   23.   On July 3, 2019, the Court issued its Preliminary Injunction and

6   converted the Receiver's temporary appointment to that of a Permanent Receiver.

7   **B.**      **The Operation of NTV Financial**

8   24.   NTV Financial and Nguyen used the internet, radio and television, as

9   well as in-person meetings and brochures, to lure investors into two fraudulent

10   investment schemes.  One fraudulent investment scheme was the NTLF Fund, and

11   the other was Nguyen's management of individual clients' brokerage accounts.

12   25.   NTV Financial and Nguyen raised about $2.4 million from at least 80

13   investors in the NTLF Fund.

14   26.   The NTLF Fund is not an entity, and the investor money raised to

15   invest in that so-called fund was maintained in accounts in the name of NTV

16   Financial, Nguyen and/or Do.  That money was commingled with money coming in

17   from NTV Financial and Nguyen's other businesses.

18   27.   Nguyen also convinced at least 30 clients to give him password access

19   to their brokerage accounts so that he could trade in their brokerage accounts.

20   28.   The NTLF Fund had negative performance since its inception in

21   February 2018.

22   29.   In managing the Fund, Nguyen engaged in a significant amount of

23   trading in the brokerage accounts holding the investors' money, principally in

24   margined optioned trading.  This trading resulted in large losses and some large

25   gains.

26   30.   As a result of these and other losses, in every quarter since the

27   inception of the NTLF Fund, the overall market value of the NTLF Fund's assets

28   was less than the net principal invested in the Fund, sometimes by as much as 69%

ERVIN COHEN & JESSUP LLP

17118.1:10108687.1

5

1  less.

2  31.    The brokerage accounts managed by Nguyen on behalf of at least 30

3  clients also did not perform well.

4  32.    NTV Financial and Nguyen misled clients and potential clients to

5  believe that Nguyen was an experienced financial trader with an impeccable track

6  record trading, and that they would not lose any of their principal if they invested

7  with NTV Financial and Nguyen.  However, Nguyen concealed and lied about his

8  true history, and both the NTLF Fund and the individually managed brokerage

9  accounts suffered significant losses, including losses in investor principal.

10  33.    NTV Financial and Nguyen made materially false and misleading

11  statements to clients and potential clients about Nguyen's credentials and

12  employment history as an investment adviser.

13  34.    NTV Financial and Nguyen misled investors in the NTLF Fund with

14  respect to how investor funds would be handled and spent.

15  35.    NTV Financial and Nguyen misappropriated, and allowed others to

16  misappropriate, large sums of money from bank accounts commingled with investor

17  funds.  While some of the deposits into those bank accounts also came from non-

18  investor funds, including NTV Financial and Nguyen's other businesses, the

19  undisclosed and unauthorized expenditures exceeded those non-investor funds that

20  were deposited by approximately $600,000.00.

21  36.    NTV Financial and Nguyen engaged in Ponzi-like activity in that

22  substantial funds that were paid by investors were used by NTV Financial to pay its

23  unrelated business expenses or to pay Nguyen's and Do's personal expenses.

24  **C.    M.R Diamonds Group, Inc.**

25  37.    During the four calendar years prior to the Receiver's appointment,

26  NTV Financial transferred funds to Defendant totaling $30,300.00.

27  38.    The Receiver has demanded the return of these funds from Defendant.

28

ERVIN COHEN & JESSUP LLP

**FIRST CLAIM FOR RELIEF**

**(For Avoidance and Recovery of Fraudulent Transfers Pursuant to**

**California Civil Code Section 3439.04(a)(1))**

39.     The Receiver reavers and incorporates by this reference paragraphs 1 through 38, above, as though set forth herein in full.

40.     During the four calendar years prior to the Receiver's appointment, Defendant received funds totaling $30,300.00 from NTV Financial.

41.     The payments by NTV Financial to Defendant were made with the actual intent to hinder, delay or defraud NTV Financial's creditors.

42.     The payments made to Defendant are avoidable by the Receiver under applicable law, including California Civil Code Section 3439.04(a)(1).

43.     The Receiver is entitled to recovery against Defendant in a sum of not less than $30,300.00, with interest thereon at the legal rate.

**SECOND CLAIM FOR RELIEF**

**(For Avoidance and Recovery of Fraudulent Transfers Pursuant to**

**California Civil Code Section 3439.04(a)(2))**

44.     The Receiver reavers and incorporates by this reference paragraphs 1 through 38, above, as though set forth herein in full.

45.     The transfers made by NTV Financial to Defendant were made without NTV Financial receiving a reasonably equivalent value in exchange for the transfers.

46.     At the time the transfers were made by NTV Financial to Defendant, NTV Financial was engaged or was about to engage in a business or a transaction for which the remaining assets of NTV Financial were unreasonably small in relation to the business or transaction.

47.     At the time the transfers were made by NTV Financial to Defendant,

1  NTV Financial intended to incur, or believed or reasonably should have believed
2  that it would incur debts beyond its ability to pay as such debts became due.

3  48.   The payments made to Defendant are avoidable by the Receiver under
4  applicable law, including California Civil Code Section 3439.04(a)(2).

5  49.   The Receiver is entitled to recovery against Defendant in a sum of not
6  less than $30,300.00, with interest thereon at the legal rate.

## THIRD CLAIM FOR RELIEF

### (For Avoidance and Recovery of Fraudulent Transfers Pursuant to California Civil Code Section 3439.05)

50.   The Receiver reavers and incorporates by this reference paragraphs 1
through 38, above, as though set forth herein in full.

51.   NTV Financial currently has creditors whose claims arose before the
transfers made to Defendant.

52.   NTV Financial received less than a reasonably equivalent value in
exchange for the transfers made to Defendant.

53.   At the time of the transfers to Defendant, NTV Financial was insolvent
or became insolvent as a result of the transfers.

54.   The payments made to Defendant are avoidable by the Receiver under
applicable law, including California Civil Code Section 3439.05.

55.   The Receiver is entitled to recovery against Defendant in a sum of not
less than $30,300.00, with interest thereon at the legal rate.

## PRAYER

WHEREFORE, the Receiver prays as follows:

1.   For judgment avoiding NTV Financial's transfers to Defendant;

2.   For judgment against Defendant in the sum of $30,300.00;

3.   For interest at the legal rate on the amount of the fraudulent transfers

ERVIN COHEN & JESSUP LLP

1  from the date of the transfers;

2      4.      For costs of suit; and

3      5.      For such other and further relief as the Court deems appropriate.

4

5  DATED:  January 21, 2021          ERVIN COHEN & JESSUP LLP

6                                    Byron Z. Moldo
                                     Sonia Singh
7

8

9                             By:    _____
10                                   Byron Z. Moldo
11                                   Attorneys for Jeffrey E. Brandlin,
                                     Permanent Receiver
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28